**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4600**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LANCE EMANUEL BROWN,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Chief District Judge. (1:00-cr-00263-JAB-1; 1:00-cr-00365-JAB-1)

Submitted: January 29, 2009          Decided: February 12, 2009

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, L. Patrick Auld, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lance Emanuel Brown appeals the district court's judgment revoking his supervised release and imposing a sentence of five months in prison and thirty-one months of supervised release. On appeal, Brown's attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court erred in denying Brown's motion to dismiss the petition regarding revocation of supervised release, because his revocation hearing was not held within a reasonable time under Fed. R. Crim. P. 32.1(b)(2). Brown was notified of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

After absconding from supervision, Brown was arrested in Florida on January 28, 2008. On January 30, 2008, Brown appeared before a magistrate judge in Florida who ordered him returned to the Middle District of North Carolina. He arrived in the district around February 14, 2008, and after appointment of counsel, he signed a waiver of preliminary hearing and detention hearing on February 23, 2008. On February 25, 2008, the magistrate judge accepted Brown's waiver and ordered that the revocation hearing be noticed by the clerk. On April 24, 2008, the clerk notified the parties that the hearing would be held on May 5, 2008, which was seventy days after the magistrate

2

judge accepted Brown's waiver of a probable cause hearing. On May 1, 2008, Brown moved to dismiss the petition regarding revocation of supervised release, contending that the district court failed to hold the revocation hearing within a reasonable time as required by Fed. R. Crim. P. 32.1(b)(2). At the hearing on May 5, 2008, Brown admitted the violations alleged in the petition. The district court denied Brown's motion to dismiss the petition, revoked his supervised release, and sentenced him within both his advisory guideline range and statutory limits.

On appeal, Brown's attorney concedes he is unable to point to facts supporting a ruling that Brown's hearing was not held within a reasonable time. Moreover, because Brown admitted the violations, and the three months he spent in custody prior to the hearing were credited against his five-month prison sentence, he concedes he cannot contest the district court's finding that he suffered no prejudice. We conclude that the district court held the revocation hearing within a reasonable time as required by Fed. R. Crim. P. 32.1(b)(2), and the court did not err in denying Brown's motion to dismiss the petition.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States

3

for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED